# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GLENN RIPPLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-118 JAR |
| | ) |
| KOLB GRADING, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, an African-American man, seeks leave to proceed in forma pauperis in this civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, for employment discrimination on the basis of race and religion. Based on plaintiff's financial affidavit, the motion is granted. For the following reasons, the Court will order process to issue on defendant Kolb Grading, LLC, and will dismiss without prejudice plaintiff's claims against defendants IUOE Local 513, ABNA Engineering, and Environmental Operations, Inc.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true.  Furthermore, the Court liberally construes the allegations.

## Discussion

According to his complaint and his EEOC charge of discrimination, plaintiff worked for defendant Kolb Grading, LLC ("Kolb") from September 18, 2017 to November 22, 2017, removing dirt from a job site located at the corner of Cass and Jefferson in the City of St. Louis. Plaintiff drove a tractor trailer to haul concrete slabs and also drove a water truck from which he would spray water to keep the dust on the jobsite down.

Plaintiff alleges employment discrimination based on race and religion, and alleges he was fired for threatening to report his complaints to the EEOC.  He alleges black employees at Kolb were treated differently from their white counterparts.  For example, loads of dirt were dropped extra hard in black employees' trucks, but not in white employees, causing black employees' trucks to bounce dangerously.  Plaintiff states black employees were not given safety equipment, while white employees were. Plaintiff states he was subjected to racial slurs, verbal abuse, threats, intimidation, racial jokes, sexually-explicit conversations, called a "Christian hypocrite," not paid overtime, and forced to work through lunch breaks.  For relief, plaintiff wants to be reinstated with seniority and back pay, plus lost wages of $6,000.00.

To establish a prima facie case of discrimination under Title VII, a plaintiff must show: 1) that he or she is a member of a protected class, (2) that he or she was meeting the employer's legitimate job expectations, (3) that he or she suffered an adverse employment action, and (4) that similarly situated employees outside the protected class were treated differently. *E.g., Tolen*

*v. Ashcroft*, 377 F.3d 879 (8th Cir. 2004). Having carefully reviewed and liberally construed plaintiff's complaint, the Court finds plaintiff has stated a plausible claim against defendant Kolb, under the Title VII, and will order the Clerk to issue process on the complaint.

The Court will dismiss defendants IUOE Local 513, ABNA Engineering, and Environmental Operations, Inc. Plaintiff makes no allegations against these entities. He does not allege he was employed by these defendants, which is required to state a claim for employment discrimination under Title VII. Nor does he allege these defendants participated in any discriminatory conduct. As a result, defendants IUOE Local 513, ABNA Engineering, and Environmental Operations, Inc. will be dismissed.

Additionally, plaintiff has filed a motion for appointment of counsel, which the Court will deny at this time. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Plaintiff has presented non-frivolous allegations in his complaint. However, he has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on plaintiff's complaint as to defendant Kolb Grading, LLC.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants IUOE Local 513, ABNA Engineering, and Environmental Operations, Inc. are **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** without prejudice. [ECF No. 3]

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 29th day of May, 2018.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**